HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENNIVEIVE JACOBS,<br><br>            Plaintiff,<br><br>ELLEN ROSENBLUM<br><br>            Defendant. | CASE NO. C19-01716 RAJ<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Genniveive Jacobs' complaint with leave to amend.

On October 24, 2019, Plaintiff filed this action against Defendant Ellen Rosenblum. Dkt. # 9. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted the application. Dkt. # 2.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis

in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's complaint provides very few details regarding Defendant's alleged actions. For example, Plaintiff alleges "Genniveive was required to pay $450 delivery fees for a refund of $650,000. Ellen Rosenblum then was supposed to have agent deliver case to Genniveive . . . Genniveive never received refund." Dkt. # 1-1 at 4. However, Plaintiff's complaint does not include sufficient allegations explaining how Defendant's alleged actions constituted a breach of contract. For example, it is unclear from the complaint what the nature of the contract was or the circumstances giving rise to the breach. Additionally, it is unclear whether Defendant was even a party to the contract. Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, her complaint fails to state a claim showing she is entitled to relief.

Taking these allegations as true and construing them liberally, the Court concludes

that Plaintiff's complaint fails to state a valid claim for relief.  The Court **DISMISSES** Plaintiff's complaint, without prejudice.  **Within twenty-one (21) days from the date of this Order,** Plaintiff may file an amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file an amended complaint within that timeframe, or if she files an amended complaint that does not state a cognizable claim for relief that Court will dismiss the action with prejudice.

Dated this 25th day of March, 2020.

_____
The Honorable Richard A. Jones
United States District Judge